UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIAQUETTA N. JERRY,

       Plaintiff,                    CIVIL ACTION NO. 13-12065

                                    DISTRICT JUDGE ARTHUR J. TARNOW

       v.                           MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS COMPLAINT (DKT. NO. 5)

**I.    BACKGROUND AND PROCEDURAL HISTORY**

After an Administrative Law Judge denied Giaquetta Jerry's application for disability insurance benefits, Jerry requested an Appeals Council review (Dkt. No. 5; Ex. A at p. 19).[1] On March 4, 2013, the Appeals Council denied Jerry's request for review (*Id.* at pp. 19-21). The Commissioner mailed the denial notification to Ms. Norton Cohen, Jerry's attorney, and to Jerry's last known address. But, Jerry had moved. The notice informed Jerry that she had 60 days after its receipt to file a civil action; Jerry did not file this lawsuit until May 9, 2013 – 61 days after she presumptively received the notice (Dkt. No. 1).

The Commissioner of Social Security's ("the Commissioner") motion to dismiss Jerry's Complaint as untimely is pending (Dkt. No. 5), Jerry responded (Dkt. No. 6), and oral argument was heard on September 11, 2013. Because Jerry did not inform the Commissioner of her change of address, the presumption that she received the denial notification five days after it was

---

[1] All page numbers refer to CM/ECF pagination.

-1-

dated applies, and there can be no equitable tolling of the 60 day deadline. Therefore, this Magistrate Judge **RECOMMENDS** that Jerry's lawsuit be considered untimely, the Commissioner's motion to dismiss be **GRANTED**, and Jerry's Complaint be **DISMISSED WITH PREJUDICE**.

II.     APPLICABLE LAW AND ANALYSIS

As stated on the Appeals Council's denial notification, Jerry had 60 days to file a civil action:

> **Time to File a Civil Action**
>
> • You have 60 days to file a civil action (ask for court review).
>
> • *The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.*
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Dkt. No. 5; Ex. A at p. 19) (emphasis added). The notice was dated March 4, 2013. Neither Jerry nor Ms. Cohen sought an extension of time to file a complaint for federal court review.

Jerry argues that her Complaint is timely because *Ms. Cohen* did not receive the denial notification until March 11, 2013, at the earliest. Ms. Cohen presents an Affidavit from Maria MacEwen, the receptionist at her law firm, which states, "the offices of Miller Cohen, PLC do not receive Saturday mail service and could not have received [the denial notification] prior to Monday, March 11, 2013" (Dkt. No. 6; Ex. 7). But, the prevailing precedent in this Circuit and in other circuits is that the 60-day statute of limitations began to run after *Jerry* received the denial notification, not after Ms. Cohen received it. *Ashcraft v. Astrue*, No. 5:11-CV-00144-R,

2012 WL 1231789, at *2 (W.D. Ky. April 12, 2012) (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) ("This court has agreed that the date for filing a Social Security complaint runs from the date that *the applicant* receives the SSA's denial notice, not from the date of mailing") (emphasis added) (citation omitted); *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period [of 42 U.S.C. § 405(g)]"); *Franks v. Apfel*, 185 F.3d 866, at *1 (9th Cir. 1999) (table) ("[42 U.S.C. § 405(g)] plainly and unambiguously calculate[s] the date as running from notice to the claimant, not the claimant's attorney"); *Flores v. Sullivan*, 945 F.2d 109, 112 (5th Cir. 1991) ("Both [42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c)] pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days"); *Harris v. Astrue*, No. 3:11-CV-00026, 2011 WL 3740770, at *2 (N.D. Miss. Aug. 4, 2011) ("Under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) (2011), a claimant has 60 days from the date she receives notice of the Appeals Council's decision denying a request for review to file an action in federal court"); *Singleton v. Comm'r of Soc. Sec.*, No. 1:09-CV-933, 2010 WL 3734053, at *1 (W.D. Mich. Sept. 20, 2010) ("The individual referenced by the [42 U.S.C. § 405(g)] is the claimant or applicant for Social Security benefits")).

      The Appeals Council's letter itself is further evidence that the 60-day statute of limitations began to run after *Jerry* received the denial notification.  The notice is addressed to Jerry, and explains to whom "You or your representative" must deliver copies of the complaint and summons after the lawsuit is filed.

Jerry was ordered to personally appear for oral argument to clear up any ambiguity as to the date *she* received the denial notification (Dkt. No. 7); she did not appear.[2] Ms. Cohen stated on the record that Jerry did not receive the denial notification, because she had moved. But, Jerry "had the duty to inform the agency of any change in address and failed to do so." *Kim v. Comm'r of Soc. Sec.*, 84 Fed. Appx. 812, 814 (9th Cir. 2003). Neither Jerry nor Ms. Cohen presented any evidence that the Commissioner was notified of her change of address.

Because the Commissioner assumes that its denial notification is received five days after it was dated, it is presumed that Jerry received the notice on March 9, 2013. The 60-day statute of limitations began to run on March 10, 2013, and Jerry, therefore, had until May 8, 2013 to file a civil action. Jerry's Complaint was filed on May 9, 2013 – one day late. However, even one day's delay in filing the action is fatal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *see also Wiss v. Weinberger*, 415 F.Supp. 293, 294 (E.D. Pa. 1976); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297, at *2 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

Jerry can rebut the presumption if she presents evidence that she did not receive the denial notification within the five day period. This Magistrate Judge accepts Ms. Cohen's representation that Jerry had moved and did not receive the notice, but finds that Jerry's failure to receive the notice was her fault – she did not comply with her duty to notify the Commissioner of her change of address. As such, Jerry did not rebut the presumption. *See Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474-75 (6th Cir. 1986):

---

[2]Ms. Cohen told the Court she did not know her client's whereabouts and had not been able to get in touch with her.

> We are not inclined toward an inflexible rule requiring actual receipt of notice by a claimant before the time period begins to run. We believe the reasoning in *St. Louis* [*v. Alverno College*, 744 F.2d 1314 (7th Cir. 1984)] and *Lewis* [*v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982)] is sound to the extent they place an affirmative duty on claimant to notify the EEOC of any change in mailing address. . . . This burden on claimants is a minimal one and reasonable. *See St. Louis*, 744 F.2d at 1316-17; *Lewis*, 673 F.2d at 1243.
>
> In the present case[,] plaintiff failed to notify the EEOC of his change of address. The EEOC sent plaintiff's right-to-sue letter to his address of record. But plaintiff had moved from this address because of an argument with his roommate. Plaintiff obtained his letter from the post office after his former roommate notified him that the postman had attempted to deliver a certified letter to him. We conclude on these facts that plaintiff's ninety day time period began to run five days after the date the EEOC mailed plaintiff's right-to-sue letter to his address of record. *Accord* 20 C.F.R. § 422.210(c) (1985) (presumes social security claimant receives notice of right-to-sue five days after notice first enters the mail).[3]

*See also Kim*, 84 Fed. Appx. at 814 (in the context of social security cases, "nothing in the regulations defines 'receive' as actual, rather than constructive, receipt."). Because Jerry did not notify the Commissioner of her change of address, she may not claim that the 60-day statute of limitations is equitably tolled. *See Hunter*, 790 F.2d at 475 ("plaintiff did not receive EEOC notice promptly because he did not notify the EEOC of a change of address and . . . he may not therefore claim that this ninety day time period is equitably tolled"); *Bess*, 337 F.3d at 990 ("We . . . conclude that equitable tolling of the limitations period is not justified in this case. [Plaintiff] did not personally receive timely notice of the Appeals Council decision due to his failure to notify the [Social Security Administration] of his new address") (citations omitted).

---

[3]The current version of 20 C.F.R. § 422.210(c) states that "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be [five] days *after the date of such notice*[.]" (Emphasis added).

### III. CONCLUSION

Because Jerry did not inform the Commissioner of her change of address, the presumption that she received the denial notification five days after it was dated applies, and there can be no equitable tolling of the 60 day deadline. Therefore, this Magistrate Judge **RECOMMENDS** that Jerry's lawsuit be considered untimely, the Commissioner's motion to dismiss be **GRANTED**, and Jerry's Complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: September 13, 2013

-7-

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 13, 2013, by electronic and/or ordinary mail.*

> *s/Tanya Bankston Acting for Eddrey Butts*
> *Case Manager to Magistrate Judge Mark A. Randon*